```
UNITED STATES DISTRICT COURT
 MIDDLE DISTRICT OF FLORIDA
       OCALA DIVISION
```

ALEXANDER CRUZ, et al.,

        Plaintiffs,

v.                                           Case No. 5:20-cv-341-Oc-39PRL

UNITED STATES OF AMERICA,
et al.,

        Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiffs are federal inmates at the United States Penitentiary (USP) Coleman II, who have filed a civil rights complaint (Doc. 1; Compl.), a motion for preliminary injunction (Doc. 2; Inj. Motion), and a motion for temporary restraining order (TRO) (Doc. 3; TRO Motion). They have not paid the filing fee or moved to proceed in forma pauperis (IFP), though it appears they intend to proceed IFP. See Doc. 1-1 at 123. Only one Plaintiff, Nathan Railey, signed the complaint and motions. Railey says he proceeds on behalf of himself and as "next friend" or "agent" of the other Plaintiffs.[1] Compl. at 18.

---

[1] Railey has filed multiple cases (both civil rights and habeas) on behalf of other inmates. See, e.g., Case No. 5:20-cv-224-Oc-36PRL (dismissed for failure to state a claim under 28 U.S.C. § 2241); Case No. 19-cv-1139-WJM-NRN (D. Co.) (pending ruling on defendant's motion to strike the amended complaint in part because Railey, not the plaintiff, signed it); Case No. 3:18-

Together, the filings are long and cross-reference one another. The complaint itself, which includes a table of contents, is over 250 pages, which required the Clerk to docket it in two parts (Docs. 1, 1-1). Railey names twenty-one Defendants, including the United States of America and the Bureau of Prisons (BOP), and he admittedly pursues "a ridiculous number of claims." Id. at 21-27, 44. He raises tort claims under the Federal Tort Claims Act and the Administrative Procedure Act (alleged illegal conduct by officers,[2] general poor conditions in the special housing unit (SHU), failure to supervise/train, and property deprivation) and constitutional claims under Bivens[3] (violations of the First and Eighth Amendments). Id. at 3-9. Most of the claims and allegations are about Plaintiff Cruz, who Railey alleges is transgender and suffers multiple psychological issues, including bi-polar disorder, depression, and schizophrenia. Id. at 98.[4]

---

cv-199-GMG (N.D. W. Va.) (section 2241 case dismissed for lack of standing); Case No. 1:18-cv-716-SHR-EB (M.D. Pa.) (dismissed for failure to state a claim).

[2] The most severe conduct Railey mentions is that officers provide inmates with drugs and weapons to set up other inmates for disciplinary charges. Compl. at 3, 49, 51, 52.

[3] Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

[4] Railey also asserts the BOP improperly transfers "in-active" inmates (those not associated with gangs) to "active" prisons (those at which gang affiliation and violence are prevalent). Compl. at 16-17, 35, 39. Railey, on behalf of himself and other inmates, has previously complained about improper transfers. See

In the motions for injunctive relief, Railey asserts the following "issues" warrant such relief because of the conditions of confinement in the SHU: restricting access to news, religious, and legal publications; restricting outdoor recreation; and the officers' actions of providing contraband to inmates, falsifying disciplinary reports, harassing and assaulting inmates, stealing inmates' property, destroying legal mail, and transferring "in-active" inmates to "active" prisons. See TRO Motion at 2; Inj. Motion at 1-2. Railey identifies ten additional inmates he contends are similarly affected by "these issues," and he offers declarations from those inmates.[5] TRO Motion at 4. Railey contends, "Plaintiffs wish to stress the difficulty of living in a box, with no rec[reation], and no publications, legal, religious, recreational, news or otherwise." Id. at 7.

The Prison Litigation Reform Act (PLRA) provides that "if a prisoner brings a civil action . . . the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1).

---

Case No. 5:20-cv-224-Oc-36PRL (challenging the BOP's decision to transfer a non-gang-member inmate, Clarence James, to an "active" prison); Case No. 3:18-cv-199-GMG (N.D. W. Va.) (alleging the BOP transferred an "in-active" inmate, James Bulger, to an "active" prison, where he was killed within 24 hours of his arrival); Case No. 4:14-cv-2517-RCC-BPV (D. Az.) (alleging Railey's transfer to USP Coleman would place him danger of being assaulted because he is a sex offender).

[5] The inmates complain that while housed in the SHU, they are denied access to reading materials and outdoor recreation time, which affects their mental well-being.

The Eleventh Circuit has interpreted this provision to mean that prisoners proceeding IFP may not join their claims in a single complaint even when they assert claims arising out of the same transaction or occurrence. Hubbard v. Haley, 262 F.3d 1194, 1197-98 (11th Cir. 2001) (affirming dismissal of a multi-plaintiff civil rights complaint under the PLRA). See also Bowens v. Turner Guilford Knight Det., 510 F. App'x 863 (11th Cir. 2013) (holding the district court properly dismissed a multi-plaintiff complaint and required that each inmate "file a new, individual complaint, and either pay the full filing fee or submit an individual motion to proceed [IFP]" (citing Hubbard, 262 F.3d at 1195, 1198)). This case is due to be dismissed because Plaintiffs have improperly joined their claims in a single complaint. If Plaintiffs wish to proceed, they must do so individually.

Moreover, under the Federal Rules of Civil Procedure, a person seeking to obtain "next friend" status must demonstrate the person on whose behalf the next friend seeks to proceed is a minor or incompetent. Fed. R. Civ. P. 17(c). Railey makes no such showing. Even if he had, however, as a pro se, non-lawyer litigant, Railey may not represent other inmates in this federal civil action. See Hand v. Bibeault, 400 F. App'x 526, 528 (11th Cir. 2010) ("A non-attorney who is authorized to bring suit on behalf of a party may not appear pro se as that party's 'legal counsel.'" (italics removed)); M.D. Fla. R. 2.01(a) ("No person shall be permitted to

4

appear or be heard as counsel for another in any proceeding in this Court unless first admitted to practice in the Court."). See also Johnson v. Brown, 581 F. App'x 777, 781 (11th Cir. 2014) (affirming denial of a pro se inmate's motion for class certification on the grounds that an inmate cannot bring an action on behalf of others (citing Timson v. Sampson, 518 F.3d 870, 873 (11th Cir. 2008))).

In light of the above, the Court will dismiss the case without prejudice subject to each Plaintiff's right to initiate his own case to pursue viable claims personal to him.

As to the request for injunctive relief, the Court finds Railey fails to demonstrate such relief is warranted. Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an 'extraordinary and drastic remedy,' and [the movant] bears the 'burden of persuasion.'" Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To demonstrate entitlement to injunctive relief, a movant must show the following four prerequisites:

> (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest.

Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th

Cir. 2005). Railey does not demonstrate a likelihood of success on the merits of his claims. Additionally, courts generally will not entertain requests for injunctive relief related to matters of prison administration. See Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) ("[T]he operation of our correctional facilities is peculiarly the province of the Legislative and Executive Branches . . . not the Judicial.").[6]

Accordingly, it is

**ORDERED**:

1. Plaintiffs' motion for preliminary injunction (Doc. 2) is **DENIED**.

2. Plaintiffs' motion for temporary restraining order (Doc. 3) is **DENIED**.

3. This case is **DISMISSED without prejudice**.

4. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

5. The **Clerk** shall send each Plaintiff a civil rights complaint form. If Plaintiffs choose to file individual cases, they should not put this case number on the form because the Clerk will assign a new case number upon receipt.

---

[6] Because Railey lacks standing to proceed on behalf of the other Plaintiffs, the Court need not address whether they are entitled to injunctive relief.

6

**DONE AND ORDERED** at Jacksonville, Florida, this 29th day of July 2020.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Pro se Plaintiffs